USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
SYLVIA ORTIZ-MOSS,

            Plaintiff,

    -against-                    05 Civ. 4206 (THK)

                                      **MEMORANDUM OPINION AND**
NEW YORK CITY DEPARTMENT OF              **ORDER**
TRANSPORTATION, VICTOR ROSEN,
AND VINCENT SUSI,

            Defendants.

----------------------------------------X
**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    Plaintiff Sylvia Ortiz-Moss brought this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983, the New York State Human Rights Law, and the New York City Human Rights Law. The parties consented to trial before this Court, and, on April 7, 2008, this Court granted Defendants' motion for summary judgment, dismissed Plaintiff's claims with prejudice, and instructed the Clerk of the Court to enter judgment for Defendants.

    Presently before the Court is Plaintiff's April 10, 2008 Letter-Motion, pursuant to Federal Rules of Civil Procedure 60(b) and 68 ("Pl.'s Mtn."), in which she asks the Court to grant her relief from the judgment dismissing the case and to reopen the case to provide her the opportunity to enter judgment on a Rule 68 Offer of Judgment previously extended to her by Defendants.

    For the reasons that follow, the motion is denied.

**FACTUAL BACKGROUND**

On March 21, 2008, while their motion for summary judgment was pending before the Court, Defendants served, by e-mail and letter, a Rule 68 Offer of Judgment ("Rule 68 Offer") on Plaintiff. The parties dispute whether the e-mail transmission constituted effective service but, for purposes of this Opinion, the Court assumes that service was not properly effectuated until Plaintiff received it by mail on March 24, 2008. Thus, Plaintiff was required to accept the Rule 68 Offer by April 7, 2008, which was ten days from the date the Rule 68 Offer was properly served upon her. See Fed. R. Civ. P. 68(a).

At some point on March 27, 2008, Plaintiff's counsel advised Defendants' counsel that Plaintiff was considering the offer.[1] On Friday, April 4, 2008, Plaintiff's counsel called Defendants' counsel again and left him a voicemail stating, according to Plaintiff's counsel, that Plaintiff was accepting the Rule 68 Offer. Defendants' counsel maintains that Plaintiff's counsel merely "indicated that plaintiff was likely to accept the Rule 68 offer but he wished to discuss the terms further." (See Defendants' Letter, dated April 22, 2008 ("Defs.' Resp.") at 2.)

---

[1] Defendants assert that Plaintiff made a counter-offer at this time but the Court need not address that assertion as it would have no bearing on whether the Rule 68 Offer was still pending. See, e.g., Pope v. Lil Abner's Corp., 92 F. Supp. 2d 1327 (S.D. Fla. 2000) (counter-offers do not terminate ability to accept original Rule 68 offer). The key fact is that Plaintiff did not accept the Rule 68 Offer at this point in time.

2

As set forth below, the specific words Plaintiff's counsel used are irrelevant.

On Monday, April 7, 2008, at 9:59 a.m., the Court, unaware that an Offer of Judgment had been made, entered its Memorandum Opinion and Order granting Defendants' motion for summary judgment and dismissing the case.[2] Later that day, at 3:02 p.m., Plaintiff's counsel sent Defendants' counsel a facsimile transmission and an e-mail purportedly confirming Plaintiff's acceptance of the Rule 68 Offer on April 4, 2008 (a Friday), three days earlier. In addition, at or around 9:00 p.m. on April 7, Plaintiff's counsel went to the building where Defendants' counsel's offices are located - 100 Church Street, New York, NY - and, after being advised that the Corporation Counsel's office was closed for the night, he attempted to serve Plaintiff's written acceptance of the Offer of Judgment upon a security guard in the building lobby. The guard refused to accept service and advised Plaintiff's counsel that he would throw away the letter after Plaintiff's counsel dropped it in front of him. (See Plaintiff's Letter, dated April 29, 2008 ("Pl.'s Reply"), at 2.)

Plaintiff also states that an attorney in Defendants' counsel's office appeared at or around this time and Plaintiff's counsel asked him to accept service. (Id.) Plaintiff does not say

---

[2] The Court subsequently amended its Opinion on April 18, 2008. That amendment is irrelevant to the instant motion.

3

whether this attorney responded. In any event, because the attorney was on the "other side of the desk/gates, and was thus out of reach," Plaintiff's counsel placed the letter "in his general direction on the security desk." (Id. at 2-3.) Plaintiff's counsel states that the attorney "ignored it and walked away." (Id. at 3.) Thereafter, Plaintiff's counsel claims that he spoke on the telephone with the "'building manager,' who agreed to accept service on behalf of corporation counsel and advised [Plaintiff's counsel] to serve it on the security guard." (Id.) Plaintiff then states that "the guard accepted service on behalf of corporation counsel." (Id.) In fact, according to Defendants' counsel, the security guard was not authorized to accept service and, according to the building manager, the security guard did not accept service and advised Plaintiff's counsel that he would not take responsibility for delivery of the letter. (See Defendants' Letter, dated April 30, 2008 ("Defs.' Sur-Reply") at 3; Exhibit E, Affidavit of Kenneth Majerus ("Majerus Aff."); Exhibit F, Letter from George Thomas ("Thomas Ltr.").) Defendant's counsel asserts that the letter left by Plaintiff's counsel was not received by the Office of the Corporation Counsel until the next morning, April 8, 2008, at 9:08 a.m. (See Defs.' Resp., at 3.)

After this series of events, Defendants' counsel sent Plaintiff's counsel an e-mail indicating that he did not deem the e-mail, fax or hand-delivery to constitute valid acceptance of

4

the Rule 68 Offer, and that he deemed the case closed in light of this Court's summary judgment decision. (See Pl.'s Mtn., at 2.) Plaintiff filed her motion immediately thereafter, on April 10, 2008.

**DISCUSSION**

Without reaching the interesting legal question of whether Plaintiff could have accepted the Rule 68 Offer after the Court's decision granting Defendants' motion for summary judgment[3], the Court denies Plaintiff the relief she seeks because she did not effectively serve her acceptance of the Rule 68 Offer before it expired on April 7, 2008. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429 (9th Cir. 1996) ("In cases involving Rule 68 offers, service of process must comply with Fed. R. Civ. P. 5(b).").

I. The April 4, 2008 Voicemail

Although the parties dispute the specific words Plaintiff's counsel used in his April 4, 2008 voicemail – with Plaintiff's counsel saying that he advised Defendants' counsel that Plaintiff definitively accepted the Rule 68 Offer and Defendants' counsel

---

[3] There is directly conflicting authority on this exact question. Compare Perkins v. U.S. West Commc'n, 138 F.3d 336, 339 (8th Cir. 1998) (allowing the plaintiff to accept a Rule 68 offer after entry of summary judgment in the defendant's favor), with Day v. The Krystal Co., 241 F.R.D. 474 (E.D. Tenn. 2007) (holding that the entry of summary judgment in the defendant's favor terminated the plaintiff's ability to accept a Rule 68 offer).

5

maintaining that Plaintiff's counsel merely indicated that Plaintiff was likely to accept[4] - the exact words are irrelevant because Rule 68 specifically requires that a party can only accept a Rule 68 offer by "written notice." See Fed. R. Civ. P. 68(a). Thus, under no circumstances can the voicemail of April 4, 2008 constitute an effective acceptance of the Rule 68 Offer.

II. The April 7 E-mail And Facsimile Transmission

Although Plaintiff's counsel recognizes the general rule that, absent specific written consent to accept service by electronic means such service is invalid (see Fed. R. Civ. P. 5(b)(2)(E)), Plaintiff argues that the April 7 e-mail and facsimile transmission constituted valid service because Defendants consented to these forms of service by not objecting to these methods of service earlier in the litigation. (See Pl.'s Mtn., at 5.) This argument is misplaced. Consent to service by electronic means must be specifically agreed to in writing, see Fed. R. Civ. P. 5(b)(2)(E); Fitzgerald v. Kellner, 02 Civ. 926 (NAM)(RFT), 2006 U.S. Dist. LEXIS 79877, at *10 (N.D.N.Y. Oct. 31, 2006), and cannot be implied from past conduct, see Advisory Committee Notes to Fed. R. Civ. P. 5, 2001 Amendments ("The consent must be express, and cannot be implied from conduct"); RFR Indus. v. Century Steps, 477 F.3d 1348,

---

[4] Defendants' counsel states that he has since deleted the voicemail, something he claims supports his recollection of the words Plaintiff's counsel used, because he would not have deleted a voicemail indicating a definitive acceptance. (See Defs.' Resp., at 2.)

6

1352 (Fed. Cir. 2007); *Moore's Federal Practice*, Civil § 504(2)(c)(I). Without this written consent, "such attempted service shall be considered void." See Local Rule 5.3(b) of the Southern District of New York.

Moreover, all of defense counsel's correspondence in this case states, in the top right-hand corner of the letterhead, "Fax and E-Mail Not For Service of Papers." (See Defs.' Resp., at 1.) Thus, even assuming that Defendants had previously accepted, without objection, service by electronic means, that course of conduct does abrogate the need for a specific written consent to accept service. This is particularly true here in light of the statement regarding electronic service on the top of defense counsel's letterhead.

III. The April 7, 2008 Hand-Delivery

The third and final way in which Plaintiff argues that she effectively served her acceptance of the Rule 68 Offer was by having her attorney hand-deliver it to the lobby of defense counsel's office on the night of April 7, 2008. This last effort was, however, also ineffective. Although the Court can easily imagine Plaintiff's counsel's desperate efforts to serve the acceptance prior to the expiration of the Rule 68 Offer later that night, he did not effectuate service upon Defendants' counsel through the actions he undertook.

Federal Rule of Civil Procedure 5(b)(2)(B) provides, in pertinent part, the proper method for service:

7

> (b) **Service: How made.**
>
> > (1) ***Serving an attorney.*** If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> >
> > (2) ***Service in General.*** A paper is served under this rule by:
> >
> > > (A) handing it to the person;
> > >
> > > (B) leaving it:
> > >
> > > > (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office;
> > > >
> > > > (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

Fed. R. Civ. P. 5(b).

Here, Defendants argue that because the office was clearly closed when Plaintiff's counsel arrived at or around 9:00 p.m. on April 7, 2008, Plaintiff was required to serve her acceptance at the dwelling or abode of Defendants' counsel, or by mailing it. (See Defs.' Resp., at 5; see also Fed. R. Civ. P. 5(b)(2)(C).) Plaintiff responds that the office was not closed because he walked into the building, where at least one lawyer was still present. (See Pl.'s Reply, at 3.) The Court is not persuaded by this argument. Plaintiff's counsel merely entered the downstairs lobby of the building where the security guard was stationed. The office of the Corporation Counsel is only one, among many, tenants in the

8

building. Accordingly, this does not equate to entering the "office" of Defendants' counsel. Indeed, the Court can safely assume that the reason the security guard is posted in the lobby is to prevent individuals from attempting to enter the Corporation Counsel's office after hours. Plaintiff's argument is also not strengthened by the fact that an attorney from the Corporation Counsel's office apparently appeared for a brief amount of time at the security desk. The office cannot be deemed open for business merely because there was an attorney present who had decided to stay late.

Accordingly, because the office was closed when Plaintiff's counsel attempted to serve Plaintiff's acceptance, service by mail or at the dwelling or abode of Defendants' counsel was required. See, e.g., Sinett v. Blairex Lab., 909 F.2d 253 (7th Cir. 1990).

It is also worth pointing out that Plaintiff's counsel candidly admits that the attorney upon whom he allegedly served Plaintiff's acceptance was on the other side of a "desk/gates," did not agree to accept service of the letter, and "ignored it and walked away" after Plaintiff's counsel left it on the security desk. (See Pl.'s Reply, at 2-3.) Indeed, Plaintiff's counsel implicitly concedes that the attorney was not actually served, as he claims that he later spoke to the "building manager," who agreed to accept service on behalf of the Corporation Counsel and instructed Plaintiff's counsel to serve Plaintiff's acceptance on

9

the security guard, who then accepted it. (See Pl.'s Reply, at 3.) Plaintiff provides no support, and the Court is aware of none, for her position that the manager of a building can agree to accept service on behalf of one of the building's tenants, where the tenant has not agreed to such an arrangement. Moreover, the building manager is unequivocal that the security guard was never authorized to, and did not, accept service of the letter. (See Thomas Ltr., at 1.)

**CONCLUSION**

For the reasons set forth above, Plaintiff did not effectively serve her acceptance of the Rule 68 Offer prior to its expiration on April 7, 2008. Consequently, Plaintiff's Letter Motion for relief from the Court's April 7, 2008 Judgment, pursuant to Federal Rules of Civil Procedure 60(b) and 68, is hereby denied.[5]

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: May 2, 2008
       New York, New York

---

[5] While it is regrettable that Plaintiff has lost the benefit of the Offer of Judgment, had the parties notified the Court that they were in the process of settling the action, and suggested that the Court refrain from deciding the summary judgment motion, Plaintiff may have been spared this unfortunate situation, and the Court clearly would have been spared the time and effort devoted to deciding the summary judgment motion.